LaToya L. Adams
640 S. Main St. #1419
Los Angeles, CA 90014
Telephone (213) 868 - 6745
Email: latoya27adams@outlook.com
*Pro Se Plaintiff*

FILED
2024 AUG 26 PM 2: 05
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

Related
DDJ

IN THE UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF CENTRAL CALIFORNIA

| | |
|---|---|
| LATOYA L ADAMS,<br><br>Plaintiff,<br><br>v.<br><br>MARK MARKLAND, in their official and Individual capacity, and<br><br>AUBREY WENGLO, in their official and Individual capacity, and<br><br>BUNGALOW RESTRUANT SECURITY, in their official and individual capacity, Justin Hernandez, and<br><br>SANTA MONICA POLICE DEPARTMENT, in their official and individual Capacity, Marbi Hernandez<br><br>Defendants. | CV24-7244-SPG(AGR)<br><br>Case No.<br><br>Demand for Jury Trial |

CIVIL RIGHTS COMPLAINT (Non- Prisoner)

Respectfully submitted,

LaToya L. Adams (213) 868-6745

Civil Rights Complaint
*Adams v. Markland, et al.*
Page 1 of 18

Complaint

Plaintiff LaToya L. Adams alleges:

I.

INTRODUCTORY STATEMENT

1. This is a complaint for Damages of Violation of Civil Rights under 42 U.S.C. § 1983 and under the Fourth and Fourteenth Amendment to the United States Constitution; Malicious Prosecution under 42 U.S.C. Monell related claims under 42 U.S.C. § 1983; and False Imprisonment; Intentional Infliction of Emotional Distress, Violation of State Civil Rights and Malicious Prosecution under supplemental jurisdiction, 28 U.S.C. § 1367(a).

2. This is a civil action seeking monetary damages against defendants Dominick Gallegos, Adriana Cordova, Kim Johnson, and Officers of the Cheyenne Police Department that cannot be named without the production of records, for committing acts, each individually and alone and together and in concert, under color of law, which deprived the plaintiff of rights secured under the Constitution and laws of the United States; for conspiring to cause such deprivation with the intent to deny plaintiff the protection of the Constitution and laws; and for refusing and/or failing to prevent such deprivations and denials to plaintiff. Plaintiff alleges that defendants, acting alone and/or together and/or in concert, unlawfully investigated, coerced, arrested and caused the detention of plaintiff, and/or each of them failed to prevent the unlawful acts of the others, in violation

of plaintiffs procedural and due process rights secured under the Constitution, the laws of the United States, and the laws of Wyoming.

3. The Plaintiffs have been subjected to institutionalization, several unlawful arrests and financial starvation. The Courts involvement is vital in ensuring the Plaintiffs are afforded the privilege of the federal Equal Protection Clause. The power to issue injunction should be exercised with great discretion. The writ of injunction is the strong arm of the Court to render operation useful. The power to issue it should be exercised with great discretion and necessity requires it. *See McLean v. Farmers Highline Canal & Reservoir Co., 44 Colo. 184, 98 P.16 (1908).*

4. Preliminary injunction relief is an extraordinary remedy designed to protect a Plaintiff from sustaining irreparable injury and to preserve the power of District Court to render a meaningful decision following a trial on merits. *See Rathke v. Macfarlane, 648 P.2 648 (Colo. 1982), and Zoning Bd. Of Adjustment v. Devilbiss, 729 P2.d 353 (Colo. 1986).*

II.

Parties

1. Plaintiff, LaToya L. Adams, is a resident of Los Angeles, California, Los Angeles County.

2. Defendant, Individual, in their official and individual capacity, known as Aubrey Wenglo, acted under color of State Law. She is sued under her official and individual capacity.

> Although Aubrey is not a State actor, her and the other defendants worked together and shared a common goal of intentionally violating the plaintiffs constitutional rights as would be required to render Aubrey a State actor for § 1983 purposes. *See Betts v. Shearman, 2014 WL 1717090 (2d Cir. 2014).* ). The defendant is guilty of participating in a Hate Crime. 18 U.S.C. § 241 Conspiracy Against Rights by initiating a "set ups" by harassing the plaintiff while at a bar and creating a false scenarios with the police officers to ensure the apprehension of the plaintiff. The defendant willfully, intentionally, and knowingly lied in order to ensure the apprehension of the plaintiff. Where discovery will show that there is a network of corrupt government officials and associates that came together in like mind to violate the constitutional rights of the plaintiff through repeated scenarios just like this one in an attempt to "get rid" of the plaintiff. They have conspired together to lie on the plaintiff, and discriminate against her for mental health issues.

3. Defendant, Individual, in their official and individual capacity, known as Mark Markland, acted under color of State Law. He is sued under his official and individual capacity.

> Although Mark is not a State actor, him and the other defendants worked together and shared a common goal of intentionally violating the plaintiffs constitutional rights as would be required to render Mark a State actor for § 1983 purposes. *See Betts v. Shearman, 2014 WL 1717090 (2d Cir. 2014). ).* Fed 611. 18 U.S.C.§ 1519 making it a federal offense to Destruct, alternate, or falsification of records in a Federal Investigation. The defendant is guilty of participating in a Hate Crime. 18 U.S.C. § 241 Conspiracy Against Rights by initiating a "set ups" by harassing the plaintiff while at a bar and creating a false scenarios with the police officers to ensure the apprehension of the plaintiff. The defendant willfully, intentionally, and knowingly lied in order to ensure the apprehension of the plaintiff. Where discovery will show that there is a network of government officials and associates that came together in like mind to violate the constitutional rights of the plaintiff through repeated scenarios just like this one in an attempt to "get rid" of the plaintiff. They have conspired together to lie on the plaintiff, and discriminate against her for mental health issues.

4. Defendant, Bungalow Restaurant, in their official and individual capacity, known as Justin Hernandez, acted under color of State Law. He is sued under his official and individual capacity.

> Although Justin is not a State actor, him and the other defendants worked together and shared a common goal of intentionally violating the plaintiffs constitutional rights as would be required to render Justin a State actor for § 1983 purposes. *See Betts v. Shearman, 2014 WL 1717090 (2d Cir. 2014). ).* Fed 611. 18 U.S.C.§ 1519 making it a federal offense to Destruct, alternate, or falsification of records in a Federal Investigation. The defendant is guilty of participating in a Hate Crime. 18 U.S.C. § 241 Conspiracy Against Rights by initiating a "set ups" by physically removing and restraining the plaintiff even though he was aware that the plaintiff was not the instigator. The defendant willfully, intentionally, and knowingly lied in order to ensure the apprehension of the plaintiff. Where discovery will show that there is a network of government officials and associates that came together in like mind to violate the constitutional rights of the plaintiff through repeated scenarios just like this one in an attempt to "get rid" of the plaintiff. They have conspired together to lie on the plaintiff and discriminate against her for mental health issues.

5. Defendant, Santa Monica Police Department, in their official and individual capacity, known as Officer Hernandez, acted under color of State Law. She is sued under her official and individual capacity.

   She willfully, knowingly and intentionally deprived the plaintiff of her United States Constitutional Fourth and Fourteenth Amendment Right by unlawfully arresting and charging the plaintiff with Assault Battery without proper probable cause. The defendant never questioned the plaintiff, and proceeded to arrest and charge the plaintiff even though the security cameras show that the plaintiff was assaulted by Mark Markland and Aubrey Wenglo. Therefor her arrest lacked probable cause. The Defendant also neglected to read the plaintiff her Miranda Rights, *Miranda v. Arizona, 384 U.S. 436 (1966)*. The defendant deprived the plaintiff of her California Article 1 Declaration of Rights Article 1 Section 7 and Section 17 by detaining and arresting the plaintiff without probable cause or by reading her, her Miranda Rights, *Miranda v. Arizona, 384 U.S. 436 (1966)*. Fed 611. 18 U.S.C.§ 1519 making it a federal offense to Destruct, alternate, or falsification of records in a Federal Investigation. The defendant is guilty of premeditating a Hate Crime. 18 U.S.C. § 241 Conspiracy Against Rights by repeated initiated "set ups" by having associates harass and stalk the plaintiff and creating false scenarios with the police officers to ensure the apprehension of the plaintiff. Where discovery will show that there is a

network of government officials and associates that came together in like mind to violate the constitutional rights of the plaintiff through repeated scenarios just like this one in an attempt to "get rid" of the plaintiff. They have conspired together to lie on the plaintiff, and discriminate against her for mental health issues.

### III.

### STATEMENT OF FACTS

5. Described below is plaintiffs initial arrest, criminal activity of others, subsequent fraudulent investigation and fabrication of evidence against plaintiff, and second arrest of plaintiff.

6. On **** the Plaintiff was assaulted by Mark Markland and Aubrey Wenglo at the Bungalow in Santa Monica, California.

7. After the plaintiff was assaulted by Mark Markland, the plaintiff and Antoine a Co-Defendant were both physically escorted outside.

8. After being escorted outside, Justin Hernandez made racial slurs and hateful comments. He proceeded to violently restrain the Plaintiff and cuff her. He used excessive force and make hateful slurs while she was on the ground. "You stupid B****. You're so Stupid. So Stupid." (At the time the Plaintiff was sleeping in her car outside of the Bungalow. Justin had to be aware of that.) He man handled her so roughly that she began to cry and plead for mercy. Mercy and compassion he refused to show the plaintiff. That night the plaintiff was physically assaulted

by Mark Markland and Justin Hernandez and the plaintiff was still the one arrested.

9. Responding Officer Hernandez proceeded to pick the plaintiff up off the floor and escort her to a curb in front of the Hotel. There the Officers questioned Aubrey Wenglo and Mark Markland, but they never questioned the plaintiff or her Co-Defendant Antoine.

10. Both the plaintiff and her Co-Defendant Antoine were both arrested without their Miranda Rights being read to them and transported to the SMPD holding facility. The plaintiff was charged with Battery. Please See Case Number 1AR22081. The plaintiff is unsure what Antoine was charged with. (Once this petition is filed, the plaintiff would like to be able to reach out to Antoine and add him as a plaintiff on this Civil Rights Complaint.) After being arrested the plaintiff was never able to find out who Antoine was, she had never met him prior to this incident. He defended the plaintiff without knowing her, when nobody else would. The plaintiff was advised to not communicate with Antoine while proceedings were in motion.

11. Shortly after being released the plaintiff sent a written complaint online to the FBI stating she was enduring a Hate Crime.

12. On February 13, 2021 The Plaintiff was arrested again unlawfully by the Santa Monica Police Department. The records for this arrest seem to have disappeared. Until those records resurface the plaintiff is unable to discuss this incident any further. She was charged with Battery again. See Case No. 1AR21300.

13. On March 14, 2022 all charges were dismissed against the plaintiff.

IV.
CAUSE OF ACTION
COUNT 1
FRAUDULENT INVESTIGATION AND UNLAWFUL SEIZURE BY ARREST, DETENTION, PROSECUTION, CONVICTION AND INCARCERATION BY DEFENDANTS IN VIOLATION OF THE PROCEDUARAL AND SUBSTANTIVE RIGHTS GUARENTEED TO PLAINTIFF BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AS COGNIZABLE UNDER 42 U.S.C. § 1983

6. By this reference, plaintiff incorporates each and every preceding allegation and averment of this Complaint as if fully set forth here.

7. Immediately after the alleged crime of battery by the plaintiff and others, defendants, acting alone and together and in concert, with one another and with others, maliciously, and without reasonable grounds, therefor, arrested plaintiff and initiated legal proceedings in the Airport Court House of Los Angeles County, which resulted in the prosecution of plaintiff as described above, and/or failed to prevent arrest, detention, prosecution and incarceration of plaintiff:

8. The fraudulent investigation and wrongful arrest, detention, prosecution, conviction and incarceration by defendants were and are in violation of plaintiffs right to be free from unreasonable seizure secured by the Fourth and Fourteenth Amendments to the United States Constitution, and to be free from deprivation of liberty without due process secured by the Fourteenth Amendment to the United States Constitution, both of which are redressable in a suit under 42 U.S.C. § 1983.

9. As a direct and proximate result of defendants fraudulent investigation and wrongful arrest, detention, prosecution, conviction and incarceration of plaintiff as described above, plaintiff has suffered damages in the form of costs incurred to defend against the prosecution and plaintiff has suffered grievous and permanent injury, including the loss of liberty for more than 1 years of incarceration and the attendant infliction of mental and physical pain, suffering; anguish and distress in connection with incarceration and the deprivation of her constitutional and statutory rights.

10. The acts of defendants as described above were motivated by an evil motive and intent and involved a reckless and callous indifference to the federally protected rights of plaintiff, thus entitling plaintiff to an award of punitive damages against the individually-named defendants.

11. If plaintiff prevails (he/she) is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFOR, plaintiff requests judgement against defendants, jointly and severally for compensatory damages in an amount which is fair and reasonable, including lost wages, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the court deems fair and appropriate under the circumstances.

## COUNT II.
### WITHHOLDING AND/OR FAILURE TO DISCLOSE MATERIAL EVIDENCE EXCULPATORY EVIDENCE BY DEFENDANTS IN VIOLATION OF THE PROCEDURAL AND SUBSTANTIVE RIGHTS GUARENTEED TO PLAINTIFF BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES OF AMERICA, AS COGNIZIABLE UNDER 42 U.S.C. § 1983.

12. By the reference, plaintiff incorporates each and every preceding allegation and averment of this Complaint as if fully set forth here.

13. Immediately after the alleged charge of Battery by the plaintiff and others, defendants, acting alone and together and in concert, with one another and with others, maliciously, and without reasonable grounds therefor, arrested plaintiff and initiated legal proceedings to the Airport Courthouse of Los Angeles County which resulted in the prosecution of plaintiff as described above, and/or failed to prevent the arrest, detention, prosecution and incarceration and incarceration of plaintiff.

14. Defendants deliberately failed to pay attention to material exculpatory evidence, which included, but was not limited to: failing to arrest and charge based on security cameras. This withholding and deliberate decision to acknowledge material exculpatory evidence was and is in violation of plaintiffs right to be free from unreasonable seizure secured by the Fourth and Fourteenth Amendments to the United States Constitution and to be free of deprivation of liberty without due process secured by the Fourteenth Amendment to the United States Constitution, both of which are redressable in a suit under 42 U.S.C. §1983.

15. As a direct and proximate result of defendants with holding an failing to disclose material exculpatory evidence, plaintiff has suffered damages in the form of costs incurred to defend against the prosecution and plaintiff has suffered grievous and permanent injury, including the loss of her liberty for more than 1 years of incarceration and the attendant loss of freedom, companionship, and income: and the attendant infliction of mental and physical pain, suffering, anguish and distress in connection with incarceration and the deprivation of her constitutional and statutory rights.

16. The acts of defendants as described were motivated by an evil motive and intent, and involved a reckless and callous indifference to the federally protected rights of plaintiff, thus entitling plaintiff to an award of punitive damages against the individually-named defendants.

17. If plaintiff prevails, (he/she) is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFOR, plaintiff requests against defendants, jointly and severally, for compensatory damages in an amount which is fair and reasonable, including lost wages, and punitive damages, plus costs of this action, attorney fees and such relief as the court deems fair and appropriate under the circumstances.

## COUNT III.
## FALSE ARREST AND FALSE IMRISONMENT CLAIM, COGNIZABLE UNDER STATE LAW

18. By this reference, plaintiff incorporates each and every preceding allegation and averment of this Complaint as if fully set forth here.

19. Defendants intentionally restrained and instigated the restraint of plaintiff against her will for 1 years of legal proceedings, without probable cause, reasonable suspicion, or lawful authority, and/or failed to intercede in the unlawful treatment to plaintiff as previously described.

20. Because defendants negligence in causing the false arrest and false imprisonment of plaintiff was in conscious disregard of plaintiffs rights, so as to amount to a willful and intentional wrongdoing, plaintiff is entitled to punitive damages.

21. As a direct and proximate result of the malicious and outrageous conduct of defendants as previously described, plaintiff suffers and continues to suffer emotional distress, mental anguish, pain and consternation associated with unlawful legal proceedings.

WHEREFOR, plaintiff requests judgement against defendants, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, and such other relief as the court deems fair and appropriate under the circumstances.

## *COUNTY IV.*

### CONSPIRACY TO DEFAME PLAINTIFF BY MALICIOUS CRIMINAL PROSECUTION

1. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

2. Defendants at all times relevant to this action were acting under color of State Law.

3. 18 U.S.C. §241. Conspiracy against rights prohibits conspiracies to injure any person who is exercising rights or privileges protected by the Constitution or laws of the United States. The statute has been applied to a variety of federal rights, including the right not to be deprived of life without due process of the law, and the right to occupy housing free of racially motivated violence.

4. 18 U.S.C. § 242 Whoever, under color of any law, willfully subjects any person… to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States [shall be guilty of a crime.]. To prove a violation of § 242, the government must prove each of the following elements beyond a reasonable doubt:

    (1) that the defendant deprived a victim of a right protected by the Constitution or laws of the United States,

    (2) that the defendants acted willfully, and

    (3) that the defendant was acting under color of law. A violation under § 242 is a felony if one of the following conditions is met:

    > defendant used, attempted to use, or threatened to use a dangerous weapon, explosive, or fire; the Defendants actions included attempted murder, kidnapping, or attempted kidnapping, aggravated sexual abuse, or

the crime resulted in death. There is proof that the law officer intended to engage in the unlawful conduct and that he/she did so knowing that it was wrong. *See Screws v. United States, 325 U.S. 91, 101-107 (1945).*

5. Defendant County's policy or custom, and its failure to properly discipline its employees, was a direct and proximate cause of the constitutional deprivation suffered by plaintiff.

6. Defendants, maliciously intending to cause plaintiff unjustly to suffer punishment and to be deprived of her liberty, and to oppress and ruin plaintiff, in Fort Collins, Laramier County, Colorado, on July 28, 2023, maliciously conspired to falsely accuse plaintiff, and, by means of false testimony, to have plaintiff indicted and convicted of the crime of Trespassing under the laws of the State of Colorado, and punished by a fine and imprisonment.

7. Because of the defendants wrongful and defamatory acts, plaintiff has suffered great mental anguish, and has been forced to expend in excess of the sum of $5,000, in defending herself, and has been greatly injured in credit and personal and business circumstances, all to the plaintiff's damage in the sum of $10,000.

8. In committing the acts alleged in this complaint, defendants acted with malice toward plaintiff, and plaintiff is therefore entitled to recover from defendants [exemplary/punitive] damages in such amount as will sufficiently punish defendants for their willful and malicious conduct as will serve as an example to prevent a repetition of such conduct in the future.

WHEREFORE, plaintiff requests judgment against defendants, and each of them, jointly and singly, for the following:

1. General compensatory damages $30 Million.
2. [Exemplary/Punitive] damages in such amount as will sufficiently punish defendants for their willful and malicious conduct and will serve as an example to prevent a repetition of such conduct in the future.
3. Costs of suit; and
4. Such other and further relief as the court deems just and proper.

## IIV.

## RELIEF

1. For general and special damages, including noneconomic damages, all in excess of the jurisdictional minimum of this court and subject to proof;
2. For punitive damages and/or exemplary damages; and
3. For such other and further relief as court deems just and proper.

DATED this 26th day of August, 2024        *LaToya L. Adams*
                                            LaToya L. Adams Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on this __26__ day of __August__, 2024 a true and correct copy of the foregoing *Civil Rights Complaint (Non-Prisoner)* was served upon Defendants via US Mail.

need addresses from the courts. for Aubry & Mark

Bungalow
Justin Hernandez
101 Wilshire Blvd.
Santa Monica, CA 90401

Santa Monica Police Dept.
Marbi Hernandez
333 Olympic Dr.
Santa Monica, CA 90401

LaToya L. Adams Pro Se Plaintiff
640 S. Main St.
Los Angeles, CA 90014
Telephone (213) 868-6745
Email: latoya27adams@outlook.com